# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY PIE and TANYA PIE,

                    Plaintiffs,

v.

UNKNOWN AGENTS OF THE U.S.
MARSHALS SERVICE,

                    Defendant,

UNITED STATES MARSHALS SERVICE
MILWAUKEE,

                    Interested Party.

Case No. 25-CV-1472-JPS

**ORDER**

## 1. INTRODUCTION

In September 2025, Plaintiffs Terry Pie and Tanya Pie ("Plaintiffs") filed this suit, alleging that unknown personnel of the United States Marshals Service ("Defendants") unlawfully entered their Wisconsin residence and unlawfully searched and seized Plaintiffs in September 2024. ECF No. 1 at 2–4. The Defendants remain unidentified to date. Now before the Court is Plaintiffs' motion to compel limited discovery to learn the names of the U.S. Marshals employees involved in that search (the Defendants), and for leave to amend their complaint to properly name those individuals and obtain service on them once they have been identified. ECF No. 15. For the reasons discussed herein, the Court will grant the entirety of Plaintiffs' motion.

## 2. PROCEDURAL BACKGROUND

The alleged events giving rise to this case occurred on September 4, 2024 in Racine, Wisconsin. *See* ECF No. 1. On September 18, 2024, Plaintiffs' counsel, Anne Cohen ("Cohen"), submitted an open records request to the Racine Police Department ("RAPD") for "any and all incident/accident reports, corresponding supplemental reports, and body/squad footage" regarding the incident. ECF No. 16 at 1. In October 2024, Cohen received incident reports from the RAPD, but the reports did not identify the federal agents involved in the incident. *Id*. at 1–2 (citing ECF No. 16-1); *see generally* ECF No. 16-1 (naming only Racine police officers and mentioning the U.S. Marshals Fugitive Task Force generally). The RAPD produced corresponding body camera footage to Cohen in February 2025; that footage depicts federal agents (as identified by uniform) taking part in the search at issue in this case. *Id*. at 2. On April 11, 2025, Cohen submitted a Freedom of Information Act request to the United States Marshals Service requesting information relating to the September 4, 2024 search. *Id*. On April 21, 2025, Cohen received a one-page document in response, which redacted the identity of the federal agent who made the report and that otherwise failed to identify which federal agents were involved in the September 4, 2024 incident. *Id*. (citing ECF No. 16-2); ECF No. 16-2. The United States Marshals Service also produced corresponding body camera footage, but that footage blurs the faces of the federal agents involved. ECF No. 16 at 2.

In September 2025, Plaintiffs filed suit. ECF No. 1. In October 2025, Plaintiffs filed a certificate of service on the local United States Marshals Office. ECF No. 4. Two months later, Plaintiffs moved for default judgment, without having previously moved for entry of default. ECF No. 5. The

Court denied the motion without prejudice, explaining in relevant part that service was inadequate under Federal Rule of Civil Procedure 4(i)(3) given that the lawsuit sued government actors in their individual capacities and Plaintiff had not filed any proof of individual service on those officers. Dec. 22, 2025 text order. The Court left the door open for Plaintiffs to reattempt service, however, ultimately providing Plaintiffs until February 20, 20260 to effectuate service properly. *Id*.; Dec. 23, 2025 text order.

On January 20, 2026, Plaintiffs filed two documents purportedly establishing service. The first document asserted that, using certified mail, Plaintiffs had served then-Attorney General Pamela Bondi. ECF No. 11. The second document was a certificate of service on the local U.S. Attorney's Office. ECF No. 12. On March 11, 2026, Attorney J. Qortney McLeod ("McLeod"), an Assistant United States Attorney for the Eastern District of Wisconsin, filed a letter, indicating that "the United States Marshals Service does not intend to take any action herein, since it is not a party, and it is yet to be determined whether the Department of Justice will have any role in the representation o[f] unnamed [D]efendants." ECF No. 13 at 2. On March 12, 2026, the Court ordered Plaintiffs to show cause, within one week, establishing why the Court should not dismiss the case for failure to file proof of service. *See* Mar. 12, 2026 text order (citing FED. R. CIV. P. 4(m)).

On March 18, 2026, Plaintiffs filed the instant motion, ECF No. 15, asking the Court "[f]or an Order compelling the United States Marshals Service to disclose the identity of the agents" involved in this case, "and for leave to amend the Complaint to properly name those individuals and obtain service thereon after the identity of the individuals has been disclosed." *Id*. at 1. In support, Cohen submitted an affidavit, providing the details discussed above about what steps she took prior to and in the

months subsequent to filing the complaint. ECF No. 16. Cohen asserts that the affidavit "show[s] cause why this case should not be dismissed without prejudice for failure to file proof of service." *Id*. at 2.

On March 31, 2026, McLeod filed another letter in response to Plaintiffs' motion to compel, arguing that the

> motion cites no Federal Rule of Civil Procedure which might permit discovery on a non-party absent the issuance of a subpoena, nor is the United States Marshal Service aware of such rule. While it is true that Plaintiffs may serve a non-party subpoena under Rule 45 to seek discovery from a non-party, they have not done so in this case. Nor have Plaintiffs afforded Defendants any opportunity to object to the hypothetical request if deemed necessary. As such, Plaintiffs have left the Court with no adequate legal basis for the granting of a motion to compel discovery, wherein Plaintiffs have failed to serve any such discovery on a non-party to this lawsuit.

ECF No. 17 at 1. McLeod then states that the United States Marshals Service will not make a formal argument unless prompted by the Court. *Id*. at 2.

**3.     LEGAL STANDARD**

As a preliminary matter, "[t]here's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Singleton v. Centurion*, No. 3:24-CV-845-JTM-AZ, 2025 WL 821281, at *2 (N.D. Ind. Mar. 14, 2025) (quoting *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022)).[1] A plaintiff may seek early discovery—prior to the completion of the Rule 26(f) conference—by moving for a court order permitting such discovery. *See AF Holdings LLC v. Doe*, No. 12–1398, 2012 WL 5928532, at *1 (C.D. Ill. Nov. 26, 2012) (citing

---

[1]Although perhaps not yet relevant, the Court notes that "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Rodriguez*, 49 F.4th at 1121.

Case 2:25-cv-01472-JPS     Filed 04/20/26     Page 4 of 7     Document 18

FED. R. CIV. P. 26(d)(1)). In deciding whether to grant such discovery, courts retain broad discretion and apply a good cause standard. *See id*. (citing FED. R. CIV. P. 26(b) and collecting cases).

**4. ANALYSIS**

Here, Plaintiffs provide good cause for their motion to permit discovery. Although Cohen's affidavit reveals that she has been aware of the difficulties in identifying the agents for more than year, even prior to filing suit, the facts also reveal that United States Marshals Office, along with the local United States Attorney's Office, have made this process unnecessarily cumbersome. *See* CIV. L.R. 37 (noting that motions to compel under Federal Rule of Procedure 26 require the parties to resolve the dispute in "good faith" prior to seeking judicial intervention); *see also Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (The Rule 26 disclosure requirements should "'be applied with common sense' to help focus the attention on the 'discovery that is needed, and facilitate preparation for trial or settlement,'" but should not "encourage litigants to 'indulge in gamesmanship'" (quoting FED. R. CIV. P. 26(a)(1) advisory committee's note (1993) and citing *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004))).

In this case, the United States Marshals Office was ostensibly served in October 2025, *see* ECF No. 4, while the United States Attorney's Office and the United States Attorney General, were ostensibly served in January 2026, *see* ECF Nos. 11 and 12. Clearing any doubt, McLeod has filed letters that demonstrate the United States Attorney's Office and the United States Marshals Office's collective awareness of this suit. ECF Nos. 13 and 17. At the end of the day, Cohen's affidavit reveals that the only missing piece here is the cooperation by those agencies in identifying the agents involved in

the underlying incident and depicted in the corresponding body camera footage. Accordingly, the Court will grant Plaintiffs' motion to permit limited discovery and will compel the United States Attorney's Office and the United States Marshals Office to disclose to Plaintiffs the identities of the federal agents involved by **May 4, 2026**. *See AF Holdings*, 2012 WL 5928532, at *2 (granting the motion for limited discovery where the "discovery sought" was "narrow and focused"); *see also Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996) (noting that courts may "order[] the named defendants to disclose the identities of unnamed officials involved"). The Court will also grant the corresponding motion for leave to amend once this discovery is completed. *See* FED. R. CIV. P. 15(a)(2) ("The [C]ourt should freely give leave [to amend] when justice so requires.").

5. **CONCLUSION**

For the reasons stated above, the Court will grant the motion for limited discovery and for leave to amend once that discovery is completed, ECF No. 15. It will compel the United States Attorney's Office for the Eastern District of Wisconsin and the United States Marshals Office to disclose the identities of the federal agents involved in the September 4, 2024 incident underlying the complaint in this case by filing a report with the Court on or before **May 4, 2026**. Within **forty-five (45) days** of the date on which all the individual agents' names are disclosed to Plaintiffs, Plaintiffs shall file an amended complaint and provide proof of service of the amended complaint as to each Defendant. Plaintiffs' failure to timely comply with any of their deadlines set herein will result in the Court dismissing this case without further notice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiffs Terry and Tanya Pie's motion to compel and for leave to amend, ECF No. 15, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the United States Marshals Office located in Milwaukee, WI and the United States Attorney's Office for the Eastern District of Wisconsin be and the same are hereby **COMPELLED** to disclose the identities of the federal agents involved in the September 4, 2024 incident underlying the complaint in this case by filing a report with the Court on or before **May 4, 2026**; and

**IT IS FURTHER ORDERED** that Plaintiffs Terry and Tanya Pie shall, within **forty-five (45) days** of the date on which all the individual agents' names are disclosed to them, **FILE** an amended complaint and provide proof of service of the amended complaint as to each Defendant; should Plaintiffs Terry and Tanya Pie fail to timely comply with any of their deadlines set herein, the Court will dismiss this case without further notice for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge