**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| TERRY PIE and TANYA PIE,<br><br>Plaintiffs,[1]<br><br>v.<br><br>SCOTT KELLER, ALEX CHRISTENSEN, CLINT BLAUSER, KEVIN SMITH, SCOTT KNIPFER, LEIGHTON MUDEL, MICHAEL SEEGER, TODD ROSENSTEIN, and GARY ROY,<br><br>Defendants. | Case No. 25-CV-1472-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

Plaintiffs Terry Pie ("Terry") and Tanya Pie ("Tanya") (collectively, "Plaintiffs") filed this action in September 2025. ECF No. 1. Since then, Terry has passed away. ECF No. 21 at 3; ECF No. 46 at 2. Plaintiffs now move to substitute the Estate of Terry Pie for Terry. ECF No. 46. Also before the Court is Defendants Scott Keller, Alex Christensen, Clint Blauser, Kevin Smith, Scott Knipfer, Leighton Mudel, Michael Seeger, Todd Rosenstein, and Gary Roy's ("Defendants") motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 47. The Court will address each in turn.

[1]As explained elsewhere in this Order, *see infra* Section 2, the motion to substitute will be denied. Accordingly, the caption will remain the same until further order of the Court.

## 2. MOTION TO SUBSTITUTE

For the reasons discussed below, the Court will deny without prejudice the motion to substitute. Federal Rule of Civil Procedure 25(a) addresses substitution of a party upon death in the following manner:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . .
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

While there is no formal suggestion of death on the record here, per the comments to Rule 25, it does not matter. *See* FED. R. CIV. P. 25 advisory committee's notes to 1963 amendment ("A motion to substitute may be made by any party or by the representative of the deceased without awaiting suggestion of death. Indeed, the motion will usually be so made."). The motion to substitute is deficient, however, because it fails to provide a proper party to replace Terry in this action. *Forbus v. CF Remodeling, LLC*, No. 3:22-CV-1724-RJD, 2025 WL 1473811, at *2 (S.D. Ill. May 22, 2025) ("Under the Seventh Circuit's jurisprudence, the proper party for substitution under Rule 25 is 'ordinarily the personal representative of the party who has died.'" (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008)); *see id.* (collecting cases revealing who else can constitute a proper party). Plaintiffs' motion stops short of asserting that Tanya has

become the personal representative of the Estate of Terry Pie. ECF No. 46 (noting only that Tanya applied to serve as the personal representative). As such, the Court must deny the motion to substitute because it is unaware of a "proper party" to substitute for Terry. *See Atkins,* 547 F.3d at 870.

However, "for obvious practical reasons," the denial should operate without prejudice to allow Tanya "to file a motion for an extension of time" in the event "there is no executor because the decedent died without a will and an administrator of the estate has not yet been named." *Id.* at 872 (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)). Should Tanya choose to renew her motion to substitute, she must do so on or before **September 30, 2026**.

In any renewed motion to substitute, counsel should provide the legal authority supporting the relief sought. The Court makes this point because the instant motion fails to cite a single case or rule as authority, *see generally* ECF No. 46, continuing a recurring failure in this case. *See, e.g.*, ECF No. 15 (providing no statute, case, or any other authority supporting the motion to compel). Plaintiffs should also comply with the Court's meet and confer requirement prior to filing a renewed motion, which they failed to do with the instant motion. ECF No. 3 at 11 (per the Court's protocols, it "may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith."). The Court considers counsel's failure to do so here to be a separate basis to deny the motion to substitute.[2]

[2]As a smaller point, in any renewed motion, counsel should also take care to remember that "the decedent's lawyer may not file . . . a motion [to substitute] in his own name because he no longer has a client." *Atkins v. City of Chicago*, 547 F. 3d 869, 872 (7th Cir. 2008) (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); and 6 MOORE'S FEDERAL PRACTICE § 25.12 [1] (3d ed. 2008)). The Court provides this

## 3. MOTION TO DISMISS

The Court now turns to Defendants' motion to dismiss, which will be denied without prejudice. ECF No. 47. The Court's Comprehensive Protocols and Procedures Order sets forth various requirements for Rule 12 motion practice, including the filing of an executive summary and a certification of having met and conferred. ECF No. 3 at 2–6. Defendants' motion is noncompliant with these requirements. Should Defendants wish to review the Court's protocols and try again, Defendants must do so on or before **September 30, 2026**. If Defendants instead opt to answer the complaint, they must do so on or before this same date.

## 4. CONCLUSION

The Court will deny Plaintiffs' motion to substitute without prejudice and grant Tanya leave to renew the motion on or before **September 30, 2026**. The Court will deny Defendants' motion to dismiss without prejudice and grant Defendants leave to renew their motion by filing an executive summary or otherwise file a responsive pleading on or before **September 30, 2026**.

Accordingly,

**IT IS ORDERED** that Plaintiffs Tanya and Terry Pie's motion to substitute, ECF No. 46, be and the same is hereby **DENIED without prejudice**. Tanya Pie may renew the motion to substitute on or before **September 30, 2026**; and

**IT IS FURTHER ORDERED** that Defendants Scott Keller, Alex Christensen, Clint Blauser, Kevin Smith, Scott Knipfer, Leighton Mudel,

---

reminder because on the signature page of the pending motion to substitute, Plaintiffs' counsel represents that it is counsel for Terry Pie as well as Tanya Pie. ECF No. 46 at 2.

Michael Seeger, Todd Rosenstein, and Gary Roy's motion to dismiss, ECF No. 47, be and the same is hereby **DENIED without prejudice;** should Defendants wish to review the Court's protocols and try again, Defendants must do so on or before **September 30, 2026**. If Defendants instead opt to answer the complaint, they must do so on or before this same date.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2026.

BY THE COURT:

______________________________

J. P. Stadtmueller
U.S. District Judge